WESTERN FINANCIAL BANK, F.S.B., a United States corporation, Plaintiff-Appellee,
v.
ADOLFO DIZA RARAS, Defendant-Appellant, and
JOSEPHINE AGUILAR RARAS; INDYMAC BANK, F.S.B.; Defendants-Appellees, and
JOHN and MARY DOES 1-20, DOE PARTNERSHIPS, CORPORATIONS or OTHER ENTITIES 1-20, Defendants (Civ. No. 99-0-3656) and
INDYMAC BANK, F.S.B., Plaintiff-Appellee,
v.
ADOLFO DIZA RARAS, Defendant-Appellant, and
JOSEPHINE AGUILAR RARAS, WESTERN FINANCIAL BANK, F.S.B., a United States corporation, Defendants-Appellees, and
JOHN and MARY DOES 1-20, DOE PARTNERSHIPS, CORPORATIONS or OTHER ENTITIES 1-20, Defendants (Civ. No. 00-1-0369).
No. 27097
Intermediate Court of Appeals of Hawaii.
May 16, 2008.
On the briefs:
Gary Victor Dubin, for Defendant-Appellant.
Steven T. Iwamura and Robert M. Ehrhorn, Jr., (Clay Chapman Crumpton Iwamura & Pulice), for Defendant-Appellee/Plaintiff-A

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Defendant-Appellant Adolfo Diza Raras (Raras) challenges the Findings of Fact, Conclusions of Law and Order Granting IndyMac Bank, F.S.B.'s Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Against All Parties, filed on January 5, 2005 and the subsequent Judgment Based on Findings of Fact, Conclusions of Law and Order Granting IndyMac Bank, F.S.B.'s Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Against All Parties, filed on January 5, 2005, in the Circuit Court of the First Circuit (circuit court).[1]
On appeal, Raras contends that (1) it was reversible error for the lower court to have granted summary judgment and a decree of foreclosure in favor of Defendant-Appellee/Plaintiff-Appellee IndyMac Bank, F.S.B. (IndyMac) while there remained a genuine issue of material fact concerning whether IndyMac had standing to foreclose in the first place and (2) it was plain error and in direct violation of the Hawai`i Supreme Court's judicial reassignment order for IndyMac's summary judgment motion to have been calendared by IndyMac before Judge Karen N. Blondin, and heard and decided other than by Judge Karen S.S. Ahn, to whom the case had been reassigned at the time.
This is an appeal of consolidated cases, Civil Nos. 99-0-3656 and 00-1-0369. In Civil No. 99-0-3656, Plaintiff-Appellee Western Financial's (Western Financial) complaint sought to foreclose on a Second Mortgage and was filed on September 29, 1999 against Raras, Josephine Aguilar Raras, and The Bank of New York Trustee., Under the Pooling and Servicing Agreement Series 1998-A (BNY).[2] IndyMac was substituted for BNY on September 20, 2004.
In Civil No. 00-1-0369, Independent National Mortgage Corporation's (INMC) complaint sought to foreclose on a First Mortgage on the same property and was filed on February 2, 2000. On September 20, 2004, the circuit court approved the substitution of IndyMac in place of INMC.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Raras's points of error as follows:
1. Raras cites six instances where he raised the issue of IndyMac's standing in Civil No. 99-0-3656. However, each instance cited to either an objection made before IndyMac was a party; a document filed by IndyMac, not Raras; or a document that did not contain an objection to standing or was made after assignment of the mortgage to IndyMac had already been recorded.
In any event, absent a demonstration that a plaintiff has such a sufficient personal stake in the dispute, a court lacks jurisdiction and cannot exercise its remedial powers to resolve the matter. In re Application of Matson Navigation Co. V. Fed. Deposit Ins. Corp., 81 Hawai`i 270, 275, 916 P.2d 680, 685 (1996). However, contrary to Raras's arguments, the record supports the circuit court's finding that "IndyMac is now the owner of said note [Document Number 2414403]." By the time IndyMac was substituted for BNY, the note and First Mortgage originally given to Western Financial Bank by Raras on October 29, 1997 had been assigned by Western Financial Bank to BNY on November 26, 1997 and assigned by BNY to IndyMac on July 20, 2004 and recorded with the Assistant Registrar of the Land Court of this state.
These transactions were established not only by copies of the assignment documents filed with the Land Court, but by a certified copy of the Land Court Certificate of Title that shows the assignment of the mortgage to BNY, the conveyance disputed by Raras. This is conclusive evidence of this assignment. Hawaii Revised Statutes § 501-88 (1993).[3] Based on this record, we conclude that no error was committed when the circuit court determinated that IndyMac held the mortgage at issue here.
2. With respect to Raras's second point of error on appeal, Raras admits that he did not object to Judge Allene R. Suemori hearing IndyMac's Motion for Summary Judgment and thus review is for plain error. Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai`i 450, 458, 40 P.3d 73, 81 (2002). Raras also failed to cite any authority for his argument that a substitute circuit court judge lacks authority to hear and decide motions that have been assigned to another circuit court judge in the same judicial circuit.
Therefore,
IT IS HEREBY ORDERED that the Judgment Based on Findings of Fact, Conclusions of Law and Order Granting IndyMac Bank, F.S.B.'s Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Against All Parties, filed on January 5, 2005, in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Allene R. Suemori presided.
[2] Although the complaint named The Bank of New York Trustee Under the Pooling and Servicing Agreement Series 1997-A, by order entered August 10, 2004, the circuit court corrected the caption to read "The Bank of New York Trustee Under the Pooling and Servicing Agreement Series 1998-A."
[3] HRS § 501-88 provides,

Certificate as evidence. The original certificate in the registration book, and any copy thereof duly certified under the signature of the registrar or assistant registrar, and the seal of the court, shall be received as evidence in all courts of the State and shall be conclusive as to all matters contained therein, except as otherwise provided in this chapter.